United States District Court
Northern District of Mississippi

**FILED ONLINE**

Demetrius Barber
    Plaintiff

V.

James Burke, individual capacity
P. Wiley, individual capacity
R. Pennington, individual capacity

Case No.    4:21-cv-004

Civil rights complaint
Pursuant to 42 USC § 1983

Prison's complaint Challenging Conditions of Confinement

1.) The Plaintiff's full legal name, the name under which the Plaintiff was sentenced, the Plaintiff's inmate Identification number, the Plaintiff's mailing address, and the Plaintiff Place of confinement are as follow:

A. Legal Name: Demetrius Barber

B. Name under which Sentenced: Demetrius Barber

C. Inmate identification Number: K6330

D. Plaintiff's mailing address (street or Post Office Box number, city, state, zip):
Unit 30 MSP D-Building
P.O. Box 1657 Parchman, MS 38738

E. Place of confinement: Mississippi State Penitentiary (MSP)

2.) Plaintiff's names the following Person's as the defendant's in this civil action:
Name: ██. James Burke

Title: Doctor

Defendant's mailing address (street or Post Office Box number, city, state, zip):

Wilkison County Correction Facility (WCCF)
2999 U.S. Highway 61 North.
Woodville, Mississippi 39669

Name: ▓▓▓ P. Wiley
Title: WCCF H.S.A.
Defendant's mailing address (street or Post Office Box Number, city, state, zip):

Wilkison County Correction Facility (WCCF)
2999 U.S. Highway 61 North.
Woodville, Mississippi 39669

Name: R. Pennington
Title: Administrative Remedy Program (ARP) Director
Defendant's mailing Address (street or Post Office Box number, city, state, zip):

Wilkison County Correction Facility (WCCF)
2999 U.S. Highway 61 North.
Woodville, Mississippi 39669

3.) Have you commenced other lawsuits in any other court, state or Federal dealing with or pertaining to the same facts that you allege in this lawsuit or otherwise relateing to your imprisonment? [X] Yes [ ] No

4.) If "you" checked "Yes" in Question 3, describe each lawsuit in the space below if there is more than one lawsuit, describe the additional lawsuit's

on a separate sheet of paper; clearly label each additional sheet as being a continuation of Question 4.

A. Parties to the lawsuit:

Plaintiff: Demetrius Barber

Defendant: James Burke, P. Wiley, and R. Pennington

B. U.S. District Court Northern Mississippi (Court:)  C. Docket No: 4:18 CV149-JMV

D. Judge name: Jane M. Virden  E. Date suit filed: 6-13-18

F. Date decided: 5-6-19  G. Result: Denied.


A. Parties to the lawsuit

Plaintiff: Demetrius Barber

Defendant: James Burke, P. Wiley, and R. Pennington

B. Court: U.S. Court of Appeals (5th circuit)  C. Docket No: 20-60093

D. Judge name: Elrod, Costa, and Engelhardt  E. Date suit filed: 2-4-20

F. Date decided: 7-10-20  G. Result: Denied, Dismissed


A. Parties to the lawsuit

Plaintiff: Demetrius Barber

Defendant: James Burke, P. Wiley, and R. Pennington

B. Court: U.S. Supreme Court  C. Docket No: 20-5906

D. Judge name: N/A  E. Date suit filed: 9-15-20

F. Date decided: 12-7-20  G. Result: Denied

5.) Is there a prisoner grievance procedure or system in the place of your confinement? ☒ Yes ☐ No

6.) If "Yes", did you present to the grievance system the same facts and issues you alleged in this complaint? ☒ Yes ☐ No

7.) If you checked "Yes" in Question 6, Answer the following Question:

A. Does the grievous system place a limit on the time within which a ~~grievance~~ Grievous ~~must be~~ must be Presented? ☒ Yes ☐ No

B. If you answered "Yes", did you file or present your grievance within the time limit allowed? ☒ Yes ☐ No

C. The court must ~~~~ find that you exhausted the Prison's grievance system and Administrator remedies before it can consider this complaint state everything you did to Present your grievances. Be Specific, include the dates on which you filed or Presented your grievances to Prison officer's, identify the officer's state your claim ~~exactly~~.

(1.) The first thing Plaintiff did in Presenting my grievance to WCCF officer's was on 4-16-15 Plaintiff wrote a emergency grievance, where I was requesting for a immediate responds to my grievance concerning my broken finger on my right hand explaining how I was being deny medical treatment by Defendant Burke, the lost of the X-ray's and how I was told to shut the fuck up by Defendant Burke, And how I was hurting real bad, because lack of medical treatment. And Defendant R. Pennington Director of the A.R.P. (~~~~) ~~~~ return Plaintiff emergency grievance back to me on 4-20-2015. Along with a letter stateing that according to the Administrative

Remedy Program Approved by the Federal Court, And is therefore; denied. And the emergency grievance was return, saying I had (5) day's to submit it as a regular non-emergency grievance.

(claim)(2.) Under 42 U.S.C. 1983 Defendant R. Pennington violated Plaintiff U.S. Constitution right's of the 8th Amendment and 14th Amendment (Cruel and unusual Punishment and Due Process Clause). Where Defendant R. Pennington response letter to Plaintiff emergency grievance was stated wrongfully according to MDOC Policy and Procedures And Prison Litigation Reform Act (P.L.R.A.). Due to the fact of the serious of injuring that being complain about.

(3.) Plaintiff Submitted a regular Grievance speaking about Defendant Burke denying Plaintiff medical treatment, the lost of the x-ray's and how Plaintiff was told to shut the fuck up by Defendant Burke, and how Plaintiff was hurting real bad, because lack of medical treatment. Plaintiff recieved the first step respond back, was not content and sent in for the second step. (Name who responded N/A or the date the first step response arrived)

(4.) Defendant P. Wiley H.S.A. responded to Plaintiff second step A.R.P. stateing that offender had been seen several times for this complaint. (Date Defendant P. Wiley responded was 6-23-15).

(claim)(5.) Under 42 U.S.C. 1983 Defendant P. Wiley violated Plaintiff rights to the United States Constitution 8th And 14th Amendment. (Cruel And Unusual Punishment And Due Process Clause) Where the A.R.P. Plaintiff made out, was never about being seen, but about recieving medical treatment. And Defendant P. Wiley never investigated this matter, but

(Continuation to Question 7)

only took the Defendant Burke word and this violated the MDOC Grievance Policy and Procedures, where Defendant P. Wiley was only suppose to Question Defendant Burke about what happen, due to the fact that the A.R.P. Defendant Burke was the one who the complaint was about. But should not had Defendant Burke Playing a part in the decision on the grievance request.

D. State specifically what official response your grievance recieved. If the Prison Provide an Administrative review of the decision on your grievance state whether you applied for that review and what the result was.

(6.) Plaintiff first grievance which Plaintiff made was a emergency grievance, this grievance was deny by WCCF Administrative Remedy Program (ARP) R. Pennington, Director on 4-20-15 5 day's after Plaintiff filed the emergency grievance on 4-16-15. Defendant R. Pennington told Plaintiff in a letter to Present the emergency grievance as a regular grievance within 5 day's which Plaintiff did.

(7.) Plaintiff recieved the first step responds back, which was of no help. (And Plaintiff can not give the name of first step responder or date recieved N/A).

(8.) Plaintiff recieved the second step response on this grievance concerning Plaintiff brokenfinger, on 6-23-15, From P. Wiley H.S.A. saying that Plaintiff had been several time's for this complaint.

Also Plaintiff have attached the response to Plaintiff Emergency Grievance from Defendant R. Pennington along with a Copy of the Emergency Grievance And Defendant P. Wiley second step response sheet And the Grievance

Policy and Procedures form. which also Plaintiff intention are to Present these documents as supportive evidence.

8.) If you checked "no" in Question 6, explain why you did not use the grievance Procedures or system:

9.) Write below, as briefly as possible, the facts of your case. Describe how each Defendant is involved. Write the names of all other persons involved. Include dates and Precise places of events. Do not give any legal argument or cite any legal authority. if you have more than one claim to Present, number each claim in a seperate Paragraph. Attach additional pages only if necessary; label attached Pages as being (Continuations of Question 9.).

(9.) I Plaintiff broke my finger on my right hand while being housed at WCCF. On or Around 3-29-15. Plaintiff was told by WCCF Correction officer to fill out sickcall (officer name N/A) that next day. And on or around 3-30-15. Plaintiff was seen by the medical Doctor of Wilkinson County Correction Facility or around this date, by Defendant James Burke and Defendant Burke acknowledge that the finger was broken. And said x-ray's were needed, But the nurse who conducted doing x-ray's was not there, nor did Defendant James Burke take the x-ray's. Then on 3-31-15 or around this date. Plaintiff filled out another sickcall to have x-ray's on the finger, (Nurse name N/A) A female nurse did the x-ray's on the date 4-3-15 or around this date. Plaintiff filled out another sickcall, And was seen on 4-7-15, And Defendant Burke told Plaintiff that he could not find the x-ray's, And

(Continuation to Question 9)

This leads to the Plaintiff asking Question's, Because Plaintiff has not recieved any medical treatment for this broken finger other then some Ibruphrane pill's. And Plaintiff was told to shut the fuck up by Defendant Burke, And this leads to word's being ~~heatedly~~ temporarily exchanged. Then afterward Defendant Burke said he had arrange for Plaintiff to see a specialist, But Plaintiff had to wait intill 5-13-15 over a month. Plaintiff was taken too Natchez Clinic in Natchez, Ms. (Specialist Name N/A) And x-ray's were taken of Plaintiff broken finger, And that was it. Then Plaintiff was taken to Natchez Hospital in Natchez, Ms. on or around 6-7-15 for surgery And arrived at the hospital only to be told by the receptionst that there's no appointment for Plaintiff. And the following day or around 6-8-15 Plaintiff was taken back to Natchez hospital was told the same thang that there was no appointment or had Plaintiff had any Paperwork that he was schedule for surgery. And Plaintiff was taken back to Natchez Clinic on or around 6-30-15, And still recieved no Medical treatment for the broken finger. Now the back of the right hand, has started hurting. Plaintiff have two finger's on the right hand that has swelling on them, that has harden. Because more likely the body cell's, are trying to keep off infection from the broken finger And there's not enough to help the other part's heal without Medical treatment.

(Claim) (10) Under 42 U.S.C. 1983
And the neglect and denial of medical treatment by Defendant James Burke violated Plaintiff 8th and 14th amendment right's to U.S. Constitution Coused Plaintiff to suffer and suffering to (Cruel and Unusual Punishment, and due Process violation.)

(Continuation to Question 9)                                                   P. 9)

11.) Plaintiff made out a emergency grievance on the date 4-16-15 or around this date requesting for help in getting Medical treatment for the broken finger on Plaintiff right hand. Where Plaintiff was being denied asset to Medical treatment, not medical Facility, or medical examination by Defendant James Burke. Plaintiff recieved a letter from Defendant R. Pennington Director of A.R.P. along with Plaintiff emergency grievance request, stateing that (The Emergency Grievance that was submitted would not be defined as a emergency according to the Procedures of the Administrative Remedy Program. Approved by the Federal Court and is therefore, denied and that I had 5 day's to submit it as a regular non-emergency grievance). on 4-20-15.

(Claim) (12) under 42 U.S.C. 1983

And Defendant R. Pennington violated Plaintiff 8th and 14th Amendment right's to the U.S. Consutition, causeing Plaintiff to suffer and suffering to (Cruel and unusual Punishment and due Process violation). By denying Plaintiff Emergency Grievance request and misquoting M.D.O.C. A.R.P. Emergency Grievance, grievance Policy and Procedures. And Misquoting the Federal law, where According to the Prison Litigation Reform Act (PLRA) this would be consider a serious medical problem, and the Emergency Grievance should had been addressed.

13.) Plaintiff resubmitted the grievance sent it off for the first step response and got a response back, But was not content with it. (Date N/A responder N/A) and sent off for the second step and final step response. And Defendant P. Wiley H.S.A. responded on or around 6-23-15, saying that the (Offender had been

(Continuation to Question)

had been seen several times for this complaint). Which Plaintiff did get seen about the broken finger. But the complaint is about not recieving medical treatment, not medical examination. And being seen is all Plaintiff recieved.

(Claim) (14) under 42 U.S.C. 1983

Defendant P. Wiley violated Plaintiff 8th and 14th amendment rights to the U.S. Consutition, causeing Plaintiff to suffer and suffering to (Cruel and Unusual Punishment and due Process violation). Where P. Wiley was being Prejudice in Favoring Defendant James Burke and refuse to investigate into this complaint As required by MDOC Grievance Policy and Procedures where if Defendant P. Riley would ~~both~~ had looked into this complaint, reviewed the x-ray's Defendant P. Wiley would had known that Plaintiff never recieved any treatment, that the complaint was more serious then Defendant Burke explained.

10.) State briefly exactly what you want the court to do for you. Do not make legal Argument, Do not ~~~~ cite legal Authority.

(15.) A.) Plaintiff request that the court order, Defendant James Burke and Defendant P. Wiley within 30 day's Provide Plaintiff with the medical x-ray's that were taken at Wilkinson County Correction Facility on or around 4-3-15 of Plaintiff ~~~~ broken-finger on Plaintiff right hand for ~~~~ inspection ~~~~ and interrogatories.

(b) Plaintiff request that the court order Defendant James Burke and Defendant P. Wiley within 30 day's to Provide Plaintiff with the x-ray's that were taken of Plaintiff broken-finger on Plaintiff right hand at Natchez Clinic in Natchez, MS on or around

5-13-15. For expectation and interrogatories.

(C.) Plaintiff request that the Court order Defendant James Burke and Defendant P. Wiley to provide Plaintiff the name and address of the Specialist at Natchez Clinic who conducted the examination of Plaintiff right hand finger on or around 5-13-15, along with a copy of the Specialist recommendation or finding of the ~~examinate~~ examination, for inspection and interrogatories, within 30 days.

(16.) Plaintiff request from the court, that after the 30 days for discovery that the court hold a hearing on Request for Admission to ask Defendant James Burke, Defendant P. Wiley, and Defendant R. Pennington are these claims and allegation true or false that set forth, here in this civil right's lawsuit.

(17.) Plaintiff request that the court enter Judgement declaring the acts of Defendant James Burke had violated Plaintiff Demetrius Barber rights of the 8th and 14th Amendment of United States Constitution. (A.) Court award Plaintiff Demetrius Barber $250,000.00 against Defendant James Burke in Monetary relief. (B.) For court to order Defendant James Burke to pay all fileing fee's, that Plaintiff Demetrius Barber was order to pay in fileing the first civil lawsuit, with the United States District Court, U.S. 5th circuit of appeals, and U.S. Supreme Court. Also any fileing fee's that Plaintiff Demetrius Barber has been order to pay for fileing this civil right's lawsuit or to settle the civil rights Lawsuit. (C.) For Court to order Defendant James Burke in Injunctive Damage's to provide Plaintiff Demetrius Barber with immediate Medical treatment for the broken finger on the right hand and treatment for any other injuring that has occured to the right hand after the first sickcall too today's date. Under 42 U.S.C. 1983

(Continuation to Question 10)

(18.) Plaintiff request that the court enter Judgement declaring the acts of Defendant P. Wiley had violated Plaintiff Demetrius Barber rights of the 8th and 14th Amendment of the United States Constitution. (A.) Court Award Plaintiff Demetrius Barber $250,000.00 Against Defendant P. Wiley in Monetary relief. (B.) For court to order Defendant P. Wiley to Pay all fileing fee's, that Plaintiff Demetrius Barber was order to Pay in fileing the first civil rights Lawsuit, with the United States District Court, U.S. 5th circuit court of appeals, and U.S. Supreme Court. Also any fileing fee's that Plaintiff Demetrius Barber has been order to Pay for fileing this civil rights Lawsuit or to settle the civil rights Lawsuit. (C.) For court to order Defendant P. Wiley in injunctive Damage's to Provide Plaintiff Demetrius Barber with immediate Medical treatment for the broken finger on the right hand and treatment for any other injurying that has occurred to the right hand after the first sickcall too today's date. Under 42 U.S.C. 1983

(19.) Plaintiff request that the Court enter Judgement declaring the acts of Defendant R. Pennington had violated Plaintiff Demetrius Barber rights of the 8th and 14th Amendment of the U.S. Constitution. (A.) Court Award Plaintiff Demetrius Barber $250,000.00 Against Defendant R. Pennington in Monetary Relief. (B.) For court to order Defendant R. Pennington to Pay all fileing fee's, that Plaintiff Demetrius Barber was order to Pay in fileing the first civil rights Lawsuit, with the United States District Court, U.S. 5th circuit court of appeals, And U.S. Supreme Court. Also any fileing fee's that Plaintiff Demetrius Barber has been order to Pay for fileing this civil rights Lawsuit or to settle the civil rights Lawsuit. Under 42 U.S.C. 1983

This complaint was executated at (location): (MSP) Unit 30 D-Building P.O. Box 1057 Parchman, MS 38738 And I declare or certify or verify or state under Penalty of Perjury that this complaint is true and correct.

1-5-21

Demetrius Barber
M.D.O.C. K6330
Plaintiff's Signature

EXHIBIT 1

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## WCCF-15-139

## SECOND STEP RESPONSE FORM

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: **DEMETRIUS BARBER #K6330**
Location: **WCCF**
From: **P. WILEY**
Title: **HSA**

Offender has been seen several times offsite for this complaint.

Signature: P Wiley RN, HSA    Date: 6/23/15

The above named inmate has fulfilled the requirements of the Administrative Remedy Program at WCCF under extraordinary circumstances and is eligible to seek judicial review in state or federal court within 30 days of receipt of the Second Step Response. Financial responsibility for such filing rests with the inmate.

Inmate's Signature: Demetrius Barber    DOC #: K6330    Date: 6-25-15

| | MISSISSIPPI DEPARTMENT OF CORRECTIONS | SOP NUMBER 20-08-01 |
|---|---|---|
| | | AGENCYWIDE |
| | GRIEVANCE PROCEDURES | INITIAL DATE 12-15-1997 |
| ACA STANDARDS: 2-CO-3C-01, 4-4248, 4-4284, 4-ACRS-6B-03 | | EFFECTIVE DATE 09-15-17 |
| STATUTES: 47-7-9, 47-7-27, 47-7-37 | NON-RESTRICTED | PAGE 1 of 8 |

**APPLICABILITY:**

This procedure applies to all employees of the Mississippi Department of Corrections and to all offenders committed to the custody of the Mississippi Department of Corrections.

**POLICY STATEMENT:**

It is the policy of the Mississippi Department of Corrections (MDOC) to maintain a written offender grievance procedure.

**DEFINITIONS:**

Administrative Remedy Program (ARP) – A program by which an offender may request administrative remedy for situations arising from policies, conditions, or events within the MDOC that affect them personally.

Director of Administrative Remedy Program – Supervisor of MDOC's Administrative Remedy Program in Central Mississippi Correctional Facility, Mississippi State Penitentiary, South Mississippi Correctional Institution, Restitution Centers, Community Work Centers and other facility housing offenders committed to the custody of the Mississippi Department of Corrections who coordinates the program at all administrative levels.

This individual will be responsible for coordinating and facilitating the Administrative Remedy Program process.

Grievance – A written complaint by an offender on the offender's own behalf regarding a policy applicable within an institution, a condition within an institution, an action involving an offender of an institution, or an incident occurring within an institution.

Emergency Grievance – A matter in which disposition within the regular time limits would subject the offender to a substantial risk of personal injury, or cause other serious and irreparable harm to the offender.

Days – Calendar days.

**PROCEDURES:**

**GENERAL**

*Administration of Correctional Agencies* (Central Office): **Written agency policies provide offenders/juveniles/residents with the following:**



**STATE OF MISSISSIPPI**
**DEPARTMENT OF CORRECTIONS**
Marshall Fisher
Commissioner

Jerry Williams
Deputy Commissioner

Institutions
(601) 359-5607–5323(Fax)

April 20, 2015

Inmate  Demetrius Barber   #K6330
Unit    WCCF

RE: Your Recent Correspondence

In reference to the Emergency Grievance you submitted on April 16, 2015, please be advised that this complaint would not be defined as an emergency according to the procedures of the Administrative Remedy Program approved by the Federal Court and is therefore; denied.

Arp is returning your correspondence and you will have five (5) days to submit it as a regular non-emergency grievance to the Arp coordinator at your housing facility.

Sincerely,

R. Pennington, Director
Administrative Remedy Program

RP

Pc: File

Exhibit 4

Page, 1

A.R.P

Administrative Remedy **REJECTED**  **RECEIVED APR 16 2015 BY:** _____ **DENIED**

Demetrius Barber MDOC K6330

I am writing this grievous about my finger on my right hand, where it was broken and I filled out a sick call on 3-29-15 and was seen by a James Burke if that his correct name and he agreed that the finger was broken and said that x-ray's was needed, but he did not do the x-ray's and the x-ray nurse was not there. Why he could not do it and he's a doctor I do not know. And I was scene on 3-30-15. So I filled out another sick call on 3-31-15 requesting for a x ray on my right finger which a lady did a x-ray on my right hand, her name I do not know, and this was on 4-3-15. Which I did another sick call to find out the problem with my finger on my right hand and the day I was scene about this was 4-7-15. And this James Burke told me he can not find the x-ray's. So that lends to me asking questioning, Because I have not recieve any medical treatment for my finger other then some I Profranic pill's, and I can not bend this finger, plus it's curves over towards my middle finger, My finger is gonna have to be rebroken and reseted, which this James Burke said he arranged for me to see a specialist but, he had told me to shut the fuck up, when I went to talking about what happen with the x-rays, then said he was going to cancel this apointment. So I am in need of a emergency respond to this grievous, I cannot write without this injure-ing causeing my hand to hurt. or it's hard for me to hold a spoon to eat, put on clothes, wash my body and so on. I believe I should be sent to the nearest hospital that th facility use for emergency medical problem here at WCCF if you need me to give you what's on my inmate account spoll can of this facility in need of it.

Relief sought
I am requesting for to be transfered to a better prison facility where I can get the medical treatment for my finger on my right hand or I a requesting that I be taken to the nearest hospital that can reset my finger on my ___ ___ I can have better use of my right hand again. This is a

Page, 2

emergency, And I am requesting for this to be done as soon as this is look into without any unnecessary delay's as in making me wait the whole forty day's that it takes to recieve a respond to a A.R.P.

Demetrius Barber
MDOC K6330
Alpha, POD
Westhall cell 110#

Date: 4-15-15

To: Mr. David Crew
      Court Clerk,

Please be advise that Plaintiff Demetrius Barber, will send the Motion to Proceed in Forma Pauperis, as soon as it arrive's from inmate Banking.

                                  Demetrius Barber
                                  MDOC K6330

1-5-21
                                  Unit 30 D-Building
                                  MSP Parchman, MS
                                        38738

U.S. District Court
Northern District of Mississippi
    office of the Clerk
301 W. Commerce St.
      Aberdeen, MS
            39730