IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DEMETRIUS BARBER**                                                                         **PLAINTIFF**

v.                                                                            No. 4:21CV4-NBB-JMV

**JAMES BURKE, ET AL.**                                                      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Demetrius Barber, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants denied him adequate medical care for a finger he broke on March 29, 2015, while housed at the Wilkinson County Correctional Facility. For the reasons set forth below, the instant case will be dismissed as barred: (1) by the applicable statute of limitations, and (2) by the doctrine of *res judicata*.

**Factual Allegations**

On March 29, 2015, while housed at the Wilkinson County Correctional Facility ("WCCF"), Demetrius Barber broke a finger on his right hand. On March 30, 2015, the next day, he visited Dr. James Burke at WCCF. Dr. Burke acknowledged that Barber's finger was broken and ordered x-rays; however, the x-ray technician was out that day, and Dr. Burke sent Barber back to his cell. Mr. Barber filled out a sick call request for an x-ray of his finger and underwent an x-ray on April 3, 2015.

Though Mr. Barber does not know the results of the x-ray, Dr. Burke told him that he would be scheduled to see a specialist.

After Mr. Barber submitted another sick call request, Dr. Burke saw him on April 7, 2015, but stated that he could not find the x-ray. Barber questioned Dr. Burke about the absence of the test results and lack of treatment, to which Burke responded, "Shut the fuck up!" Dr. Burke showed Mr. Barber a drawing of his finger and told Barber that he would not treat him. Dr. Burke did, however, schedule Mr. Barber for a May 13, 2015, appointment with an off-site specialist.

Barber was transported to Natchez on May 13, where a technician took x-rays. He then returned to WCCF. Mr. Barber was transported to the Natchez hospital on June 7, 2015 for surgery, but the receptionist stated that he did not have an appointment that day. He was transported to Natchez for surgery again on the following day (June 8), but the receptionist again stated that he did not have an appointment or any paperwork for surgery that day. Prison staff then transported him to a clinic in Natchez on June 30, 2015, but he still received no treatment for his broken finger.

On June 25, Mr. Barber filed a grievance regarding the lack of treatment for his broken finger, and the response was that he had been seen several times for this problem. Mr. Barber's complaint is that "[He] did eventual[ly] get seen about the broken finger, but that is all [he] got was seen. [He] never got any treatment …." In sum, medical personnel examined Mr. Barber's injury, and he eventually visited an off-site surgeon. However, the only treatment he received was two x-rays and a prescription for ibuprofen. Mr. Barber's injured finger is crooked and does not bend properly – and causes pain on the back of his hand and the surrounding fingers.

## Statute of Limitations

A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993).

In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted). In this case, the events in question took place in 2015; thus the statute of limitations expired sometime in 2018. The present suit was filed in 2021, long after the limitations period expired. As such, the instant wase will be dismissed with prejudice as untimely filed.

### *Res Judicata* and Collateral Estoppel

The plaintiff has previously sued these same defendants regarding the same set of facts as in the present case. *See Barber v. Burke*, 4:18CV149-JMV (N.D. Miss. memorandum opinion and final judgment of January 10, 2019). As such, all of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions).

In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id.*

*Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980).

The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising out of the injury to his finger and lack of medical treatment for it, as well as any suits arising out of those events as to any parties he actually sued regarding those events. Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against the defendants in this case will be dismissed as frivolous.

Further, under the doctrine of collateral estoppel (issue preclusion), the plaintiff's claims regarding his broken finger and lack of medical care for it must be dismissed as frivolous, as valid judgments have been entered against the plaintiff as to these issues in *Barber v. Burke*, 4:18CV149-JMV (N.D. Miss. memorandum opinion and final judgment of January 10, 2019). Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed as frivolous.

**Conclusion**

For the reasons set forth above, the instant case will be dismissed with prejudice as frivolous because it is barred by the statute of limitations as well as the doctrines of *res judicata* and collateral estoppel. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 1st day of September, 2021.

/s/ Neal Biggers
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE